IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA F. HUMPHREY,

                            Plaintiff,                    Case No. 1:11 dp 21817

          -vs-
                                                         MEMORANDUM   OPINION
DEPUY ORTHOPAEDICS, INC., et al.,

                            Defendant.
KATZ, J.

### BACKGROUND

Lisa F. Humphrey (hereinafter "Plaintiff") initiated this action on March 4, 2011, in

McCracken Circuit Court in Paducah, Kentucky.  Named as defendants are DePuy Orthopaedics,

Inc., DePuy, Inc., Johnson & Johnson, Inc., Johnson & Johnson Services, Inc., (collectively

referred to as "DePuy Defendants") and Orthopaedic Partners, LLC.  On April 1, 2011, the DePuy

Defendants removed this action to the Western District of Kentucky without the consent of

Defendant Orthopaedic Partners, on the basis of fraudulent joinder.

On April 4, 2011, the DePuy Defendants moved to stay all proceedings pending transfer of

the action to MDL 2197.   Eleven days later Plaintiffs filed her motion to remand to state court.

In September 2011,  the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. §

1407, transferred this case from the Western District of Kentucky to the Northern District of Ohio

as part of the MLD 2197, *In re DePuy Orthopaedics Inc. ASR Hip Implant Products Liability*

*Litigation*.  (Doc. Nos. 22 and 23.)  Thereafter, Plaintiff refiled her motion to remand.

This matter is before the Court on Plaintiff's motion for remand, Defendants' opposition

and Plaintiff's reply thereto.  Also before the Court is Plaintiff's motion for reconsideration of

Case Management Order No. 5. (MDL 2197, Doc. No. 192.)   For the reasons set forth below,

Plaintiff's motions are both denied.

## MOTION TO REMAND

*A.  Applicable Legal Standard*

Federal courts are courts of limited jurisdiction and possess only that which has been

authorized by the United States Constitution or statute.  *Kokkenen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Under 28 U.S.C. § 1441(a), a defendant may

remove any civil action from state to federal court only if the district courts of the United States

have original jurisdiction, both at the time of the original action and when the petition for removal

is filed.  *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); Fed. R. Civ. P. 19(a).  Following

removal to district court, a plaintiff may move to remand the action back to state court within

thirty days after the notice of removal is filed.  28 U.S.C. §§ 1446(a) & 1447(c).  If the Court lacks

subject matter jurisdiction, remand is proper.  *Id.*

Original jurisdiction exists when the dispute involves a federal question, 28 U.S.C. § 1331

or when the amount in controversy exceeds $75,000 and there is diversity of citizenship, 28

U.S.C. § 1332.  *See also*, 28 U.S.C. § 1441(a), (b).  Diversity requires complete diversity as to

each defendant named in the complaint.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

829 (1989), citing *Strawbridge v. Curtiss*, 7 U.S. 267 (3 Cranch) (1806).  Federal court subject

matter jurisdiction is determined at the time of removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534,

537 (1939).  The removing party bears the burden of establishing subject matter jurisdiction.

*Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).   In light of

federalism and comity concerns, federal courts must strictly construe removal jurisdiction and

2

resolve all doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

A fraudulently joined party cannot defeat a court's subject matter jurisdiction. *Id*. To establish fraudulent joinder the removing party must demonstrate there is no possibility that the plaintiff will be able to establish a cause of action against the nondiverse defendant in state court or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Id*. A plaintiff's motive in joining a defendant is immaterial to this determination. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The movant's burden of persuasion on fraudulent joinder is substantial. *Averdick v. Republic Fin. Servs., Inc.*, 803 F.Supp. 37, 44 (E.D. Ky. 1992) (claims of fraudulent joinder must be supported by clear and convincing evidence). *See also, Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2nd Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). Doubts are resolved against removal and in the non-movant's favor. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

In determining remand, the court considers plaintiff's pleadings at the time of removal as well as supplemental affidavits or deposition testimony. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1366, 1380 (11th Cir. 1998). The court does not weigh the merits of the claim, rather the determination is whether there is a reasonable basis for liability under the applicable state law. Stated differently, the court's inquiry is limited to whether there exists a "colorable basis for predicting that plaintiff may recover against non-diverse defendants." *Coyne*, 183 F.3d at 493.

Recently, the Sixth Circuit explored the standard for ruling on a motion to remand involving fraudulent joinder and outlined the analysis as follows:

> In sum, courts generally agree on the following two rules when deciding motions to remand that involve allegations of fraudulent joinder. First, even if the

district court "pierces the pleadings" to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential.  Second, any contested issues of fact must be construed in the plaintiff's favor.

*Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 2011 WL 5119441 *7 (6th Cir. 2011).

B. *Discussion*

Plaintiff contends  Defendant Orthopaedic Partners, like her, is a Kentucky resident, thereby destroying diversity jurisdiction.  She argues the existence of a colorable claim under Kentucky law against Defendant Orthopaedic Partners, requiring remand to state court and attorneys fees as well as costs of this litigation related to the improvident removal of this case.  The Plaintiff also advocates application of Kentucky's pleading standard in contrast to federal pleading standards.

It is the Defendants' position that removal is appropriate because there is no viable cause of action asserted against Defendant Orthopaedic Partners.  Additionally, Defendants promote application of the pleading standards as enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).   The Court considers these issues *in seriatim*.

 In diversity actions, federal courts apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938). Under Fed. R. Civ. P. 81(c)(1), "The[] [federal] rules apply to a civil action after it has been removed from a state court."  *See also* Fed. R. Civ. P. 1.   Federal procedural rules also apply pending a resolution of the district court's jurisdiction.  *Willy v. Coastal Corp.*, 503 U.S. 131, 134-135 (1992).  *See generally* 14 James Wm. Moore, Moore's Federal Practice § 81.04[3] (3d ed

4

2011).   Therefore, Plaintiff's arguments regarding application of Kentucky's pleading standards are without merit.

The Court then turns to the viability of the complaint and its claims against the non-diverse Defendant[1], keeping in mind to assume the facts alleged to be true and resolve uncertainties regarding state law claims against the Defendants.

Fed. R. Civ. P. 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93  (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).

To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Twombly*, 550 U.S. at 555  (stating that the complaint must contain something more than

---

[1]

The DePuy Defendants do not dispute that Orthopaedic Partners, LLC is a non-diverse party.

[2]

 Kentucky's Rules of Civil Procedure mirror the federal rule: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a short plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled.  Relief in the alternative or of several different types may be demanded."  Ky. R. Civ. P. 8.01(1).

5

"a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient

facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to

draw the reasonable inference that the defendant is liable for the alleged misconduct).

In her complaint, Plaintiff characterizes the non-diverse Defendant Orthopaedic Partners,

LLC as follows:

> 6.  Defendant, **Orthopaedic Partner, LLC**, is a Kentucky Limited Liability
> Company with its principal place of business in Louisville, Kentucky.
>
> 9.  Defendant, **Orthopaedic Partners, LLC**, is engaged in the business of
> advertising, promoting, labeling, selling, distributing, detailing, marketing,
> supplying and/or otherwise placing in the stream of commerce the ASR Hip
> Implant Devices throughout the Common wealth of Kentucky.
>
> 10.  Defendant, **Orthopaedic Partners, LLC**, advertised, promoted, labeled, sold,
> distributed, detailed, marketed, supplied and/or otherwise placed in the stream of
> commerce the ASR Hip Implant Devices which were implanted in the Plaintiff, Lisa
> Humphrey.
>
> 11.  Defendant, **Orthopaedic Partners, LLC**, advertised, promoted, labeled, sold,
> distributed, marketed and/or supplied to Plaintiff, Lisa Humphrey's treating physician, Dr.
> Raymond Charette, the ASR Hip Implant Devices which were implanted in Lisa
> Humphrey.

(Doc. No. 24-2, pp. 4-5.)

Contained in the "Fact" section of the complaint, the claims against the (collective)

defendants are summarized as follows:

> 28.  Defendants' ASR Hip Implant Devices were sold by the Defendants in
> a defective condition, unreasonably dangerous to the Plaintiff, Lisa F. Humphrey.
>
> 29.  Defendants failed to warn and/or inadequately warned of the dangerous
> and hazardous nature of their products.

    30.  Defendants impliedly warranted that their ASR Hip Implant Devices, as set forth above, were reasonably safe to use and safe for their intended purposes.

(*Id*. at p. 9.)

The verified complaint is 21 pages in length and contains 89 numbered paragraphs. Orthopaedic Partners, LLC, is mentioned four times, as noted above.   The complaint alleges the following claims against all Defendants:  (1) strict product liability (failure to warn); (2) strict product liability (design defect); (3) strict product liability (manufacturing defect); (4) negligence; (5) negligence per se; (6) breach of implied warranty of merchantability; (7) (violations of the ) Kentucky Consumer Protection Act; (8) negligent misrepresentation; and (9) punitive damages.

A similar situation was presented in *Maiden v. North American Stainless*, 18 Fed. Appx. 485, 2005 WL 3557175  (6th Cir. 2005).  There the Sixth Circuit found fraudulent joinder where the complaint did not seek relief directly from the non-diverse party nor was it alleged that the non-diverse defendant acted unlawfully.

In a products liability action, the district court found fraudulent joinder where there were global references to defendants collectively in the complaint as well as a lack of any facts alleged as to the non-diverse defendant's awareness of an unreasonable risk of harm.  *Oshima v. Kia Motors Corp.*, 2012 WL 578397 (D. Colo. May 4, 2012).  The allegations in the complaint were found to be devoid of factual support and contained "facts [in]sufficient to 'raise a right to relief beyond the speculative level,'" *Id.* citing *Kansas Penn Family, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  *See also Smith v. Wyeth*, 448 F.Supp. 2d 625 (W.D. Ky. 2007) (Remand denied by district court wherein non-diverse pharmacies were held to be fraudulently joined as they failed to adequately plead, among others, exceptions to Kentucky Middleman Statute); *Sires v. Elli Lilly & Co.*, 2005 WL 1239636 (E.D. Ky. 2005) (Denying remand finding non-diverse

7

doctor to be fraudulently joined as there was an insufficient nexus between the medical provider/prescriber and defendant manufacturer in the pleadings).

Where identical wrongful acts were collectively alleged against individual and corporate defendants, they were deemed inadequate to state a claim against the individual adjuster leading to a denial of a request for remand.  *Novelli v. Allstate Texas Lloyd's*, 2012 WL 949675 *4-*5 (S.D. Tex. March 19, 2012).  Insufficient allegations against  non-diverse defendants failed to give rise to a possible duty under state law warranting a denial of plaintiff's motion for remand.  *Holloway v. The Travelers Indem. Co.*, 761 F.Supp.2d 1371, 1347-75 (N.D. Ga. 2010).

Having carefully reviewed Plaintiff's complaint, the Court finds the allegations against Orthopaedic Partners, LLC, to fall well below the threshold required to meet the plausibility standard required under *Twombly*, which noted that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  Plaintiff's allegations fail to distinguish between the DePuy Defendants' allegedly wrongful acts and those of Orthopaedic Partners, LLC.  *See e.g. Salisbury v. Purdue Pharma, L.P.*, 166 F.Supp.2d 546, 549 (E.D. Ky. 2001) (fraudulent joinder where a lack of factual specificity as to non-diverse defendant and generic reference to all defendants as a whole clearly targeted the diverse defendants).  Assuming the facts as alleged against Orthopaedic Partners,LLC to be true, without a modicum of additional facts, Plaintiff has failed to establish a colorable basis for liability.  *See Anderson v. Merck & Co., Inc.*, 417 F.Supp.2d 842, 848-49 (E.D. Ky. 2006).  Additionally, there are no independent claims asserted against Orthopaedic Partners, LLC nor does Plaintiff seek specific relief[3] against this

---

[3] " **WHEREFORE**, Plaintiff, Lisa F. Humphrey, demands judgment against the Defendants, in an amount in excess of this Court's jurisdictional limit of Four Thousand Dollars ($4,000.00), both

(continued...)

Defendant.  *See* James Wm. Moore, Moore's Federal Practice, § 8.04[2][d] (3d ed. 2011)

("Conclusory allegations, while they may be sufficient to provide notice of the nature of a simple

claim may not be sufficient to provide the factual context necessary to meet this 'plausibility'

standard, at least not for complex claims.")

In sum, the lack of factual allegations regarding Orthopaedic Partners, LLC, provides no

more than labels and conclusions insufficient to sustain viability of the legal claims.  As Plaintiff

has failed to state a claim against the non-diverse Defendant, the Court finds Orthopaedic Partners,

LLC to be fraudulently joined and that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Orthopaedic Partners, LLC, is therefore dismissed from this case.

### MOTION FOR RECONSIDERATION OF CASE MANAGEMENT ORDER NO. 5

In addition to seeking remand, Plaintiff also seeks reconsideration of CMO 5.

Amended CMO 5 addresses the Plaintiff  Preliminary Disclosure Form. (MDL 2197, Doc. No. 192.)

It is Plaintiff's contention she cannot comply with this CMO until the Court first makes a

determination on jurisdiction as presented in her motion for remand.   While the Court has

determined it has jurisdiction, it will address this issue as it impacts all 4,400+ cases in this MDL

docket.

It is axiomatic that "[f]ederal courts must determine [ ] they have jurisdiction before

proceeding to the merits."  *Lance v. Coffman*, 549 U.S. 437, 439 (2007), citing *Steel Co. v. Citizens

for Better Environment*, 523 U.S. 83, 94-95 (1998).  In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574 (1999), the district court granted a dismissal (sought by the removing defendant) on the basis of

---

(...continued)
compensatory and punitive damages; costs of this action; and all other relief to which they may
appear entitled, including trial by jury of all issues so triable."   (Doc. No. 24-2 at p. 20.)

9

personal jurisdiction before addressing a challenge to subject matter jurisdiction in a motion to remand by the plaintiff.  The Court in *Ruhrgas* recognized that rulings on non-merits grounds before considering subject-matter jurisdiction was not surprising as it was "hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 585. *Accord Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007).

The propriety of a district court to making rulings affecting cases which have been removed prior to deciding remand motions was addressed in *In re Zyprexa Products Liability Litigation*, 594 F.3d 113 (2nd Cir. 2010).  Petitioner, a Texas-based law firm, challenged the district court's rulings on the attorney compensation structure in an ongoing MDL, on the basis of subject matter jurisdiction.  At the time the district judge issued orders on items such as a cap on attorney's fees or the creation of a common benefit fund, multiple motions to remand were pending before the transferee court.  The 2nd Circuit denied the writ of mandamus *per curiam*, but the propriety of the district court's conduct was addressed by Judge Lewis A. Kaplan in a concurring opinion where he rejected the petitioner's argument that its set aside order reached the merits and was beyond the district court's authority:

> In this case, the set aside order simply imposed an assessment in order to create a fund that could be used to compensate attorneys who demonstrate that their efforts conferred a benefit on *Zyprexa* plaintiffs generally.  It is even less related to the ultimate merits than orders awarding attorney's fees, which are collateral matters over which a court retains jurisdiction even if it ultimately is determined to lack subject matter jurisdiction.  . . .
>
> The district court 's determination to defer consideration of the jurisdictional challenges also was comfortably within the bounds of its discretion. While it usually is advisable for district courts to rule on any challenge to subject matter jurisdiction early in a lawsuit, district courts have broad scope to manage their own dockets in light of considerations of "economy of time and effort for itself, for counsel, and for litigants."  The impact of such considerations in this case, and in some other MDL and mass tort cases, often may suggest a different course. . .

10

*Id.* at 127.   Judge Kaplan's discussion of the unique challenges posed by complex litigation is also instructive:

> A district judge managing such a complex situation reasonably may conclude that the court's time, especially early in the litigation, is better spent on activities other than deciding scores or hundreds of individual remand motions. It often would be appropriate to conclude that many of the cases in which such motions are filed are likely to settle and that the expenditure of judicial remand motions likely would be wasted.  Moreover, even if an MDL or comparable court dealt immediately with remand motions pending at a given moment, new cases and new remand motions are likely to be filed throughout the pendency of the litigation.  Deciding each motion prior to addressing other issues common to all or most cases therefore could require a significant expenditure of judicial time and resources, derailing the progress of the litigation as a whole.  Delays of this nature could well frustrate the purpose of MDLs, which is "to promote just and efficient conduct" of actions involving common questions of fact.

*Id.* at 128.

A court has inherent power to manage its own docket.  *Link v. Wabash R. Co.* 370 U.S. 626, 630 (1962).   The Federal Rules of Civil Procedure supplement that inherent power through various rules including Fed. R. Civ. P. 16(c)(2)(L)[4], which addresses complex litigation.  In this case, the Court is within its discretion to issue CMOs applicable to all cases currently on its docket. Assuming *arguendo*, that Plaintiff's motion for remand was still pending, to make an exception for every case in the MDL and reconsider this CMO would be contrary to the notions of fairness and efficiency in this complex litigation.   Stated differently, it would undermine the goal of promoting the convenient, just and efficient conduct of the actions.  For these reasons, Plaintiff's motion for reconsideration of CMO 5 is denied.

## CONCLUSION

---

[4]

  This rule allows the court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."

11

For the reasons stated above, Plaintiffs' motion to remand (Doc. No. 24) is denied.

Orthopaedic Partners, LLC, is dismissed from this case.  Plaintiffs' motion for reconsideration (Doc.

No. 27) is also denied.

IT IS SO ORDERED.

    *S/ David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE